UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA TKACH,

       Plaintiff,

                                                      No. 04-74219

v.                                               Hon. John Corbett O'Meara

STONEPATH LOGISTICS SERVICES,
et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF OPINION AND ORDER FILED JANUARY 28, 2005**

On January 28, 2005, the court denied Plaintiff Victoria Tkach's motion for injunctive relief in a dispute regarding the enforcement of a covenant not to compete in a stock purchase agreement. On February 10, 2005, Plaintiff filed a motion for reconsideration pursuant to E.D. Mich. LR 7.1(g). The facts of this case were recounted in this Court's prior opinion and order, and they will not be repeated here. For the reasons discussed below, Plaintiff's motion for reconsideration is denied.

**Standard of Review**

The standards governing motions for reconsideration are set forth in the Eastern District of Michigan's Local Rule 7.1(g)(3):

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Motions for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal argumentation which could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion.  Helton v. ACS Group, 964 F.Supp. 1175, 1182 (E.D. Tenn. 1997).   Finally, motions to reconsider are not at the disposal of parties who want to "rehash" old arguments.  Id.

## Law and Analysis

Plaintiff first argues the defendants improperly portrayed the clause as a "non-solicitation provision" when it was actually a broad and restrictive covenant not to compete.  Section 2(b)(ii) of the Plaintiff's stock option agreement states that for 18 months after Plaintiff's termination of service, she or any company she with which she affiliates shall not directly or indirectly "solicit, bid for or perform services for any business that is either a current customer of the Company, or was a customer of the Company at any time during [Plaintiff]'s employment with the company."  The court does not find that calling this clause a non-solicitation agreement constitutes palpable error in this case.  Whatever the label given to the clause might have been, the court was familiar with the substance of the clause when it issued its prior ruling.  The original analysis remains unchanged.

Next, Plaintiff argues that she signed two covenants not to compete in her stock option agreement and in her employment agreement.  Because the employment agreement covenant lasted only three months, Plaintiff claims these contracts are inconsistent with each other, and that later contract should govern.  First, it is not clear that the contracts are inconsistent.  They cover different time frames, but the contracts could be deemed cumulative.  Moreover, Plaintiff has not shown that the stock option contract was signed earlier than the employment agreement

contract. As such, she has still not met her burden of showing a substantial likelihood of success on the merits.

Plaintiff also attempts to use Michigan law to argue that the 18 month clause is unreasonable in scope and duration. However, it is clear that the stock option agreement is governed by Delaware law. Plaintiff has not shown that under Delaware law, an 18 month covenant not to compete such as this one is unreasonable.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's February 10, 2005 Motion for Reconsideration of Opinion and Order Entered January 31, 2005 is **DENIED**.


                                            s/John Corbett O'Meara
                                            John Corbett O'Meara
                                            United States District Judge

Dated: April 18, 2005